UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

AMERISURE INSURANCE
COMPANY, a foreign corporation

Plaintiff

vs.

WPC INDUSTRIAL CONTRACTORS,
INC., a Florida Corporation; and VILLAGE OF
ISLAMORADA, a Florida municipality.

Defendants
_____/

**09-10108
CIV-MOORE**

MAGISTRATE JUDGE
SIMONTON

CASE NO.:



REC'D by _____ D.C.
FILED
NOV 19 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – KEY WEST

## COMPLAINT FOR DECLARATORY RELIEF (JURY TRIAL DEMANDED)

AMERISURE MUTUAL INSURANCE COMPANY, ("Amerisure"), complains and sues WPC INDUSTRIAL CONTRACTORS, ("WPC"), and THE VILLAGE OF ISLAMORADA, ("The Village"), for declaratory relief as follows:

1.  This is a Complaint for Declaratory Relief brought pursuant to Section 2201, Title 28, United States Code.

2.  This Court has jurisdiction pursuant to Section 1332, Title 28, United States Code.

3.  The Plaintiff Amerisure is a foreign corporation with its principal place of business in Michigan. None of the defendants is incorporated in the same state as

Amerisure and none has a principal place of business in Michigan. Thus, the Plaintiff has diversity of citizenship as to all Defendants.

4. The amount in controversy is in excess of $75,000.00, exclusive of costs and attorneys' fees.

5. Pursuant to Section 1391(a), Title 28, United States Code, this Court is a proper venue for this cause of action. The Village is located in the geographic area of the Southern District of Florida. As well, a substantial part of the events or omissions giving rise to the claim occurred in the geographic area of the Southern District of Florida.

6. This Court has venue pursuant to Section 1391(c), Title 28, United States Code, as all defendants named herein would subject to personal jurisdiction in the Southern District of Florida if the District were considered a state.

7. The Plaintiff Amerisure issued to WPC, as named insured, a Policy of Umbrella Liability Insurance numbered CU-2005843 which had a policy period from January 1, 2006, to January 1, 2007. This policy is hereinafter referred to as the "Umbrella Policy." A copy of that Policy is attached to this Complaint as Exhibit A and it is incorporated by reference.

8. One Christianne Harris, a resident of the Village, has sued, inter alia, WPC and the Village in the Circuit Court of the State of Florida in and for Monroe

County, Florida, ("The Underlying Lawsuit). A copy of the First Amended Complaint filed in the Underlying Lawsuit is attached hereto as Exhibit B and is incorporated by reference.

9. Sometime prior to January 2006, the Village had entered into a construction contract with WPC pursuant to which WPC was to design and build a sewage system for the Village. This system was to include public sewer lines leading to a wastewater treatment facility, i.e. a sewage collection system, and the wastewater treatment facility itself. WPC's contract did not include the construction of any potable water systems.

10. Harris filed the Underlying Lawsuit on behalf of herself and her two minor sons ("the HARRIS Plaintiffs"). In the Underlying Lawsuit the Harris Plaintiffs claim that Harris and her two sons sustained bodily injury and property damage because of raw sewage backups into her home. The HARRIS Plaintiffs claim that this bodily injury and property damage resulted from the negligence of the Village, of WPC, or of both.

11. The Village and WPC contend the Village is an additional insured under the Umbrella Policy issued by the Plaintiff Amerisure to Defendant WPC. The Village and WPC contend that the Plaintiff should defend and indemnify the Village against the claims of the HARRIS Plaintiffs in the Underlying Lawsuit.

3

12. WPC has previously sued Amerisure Mutual Insurance Company, (Amerisure Mutual), a non-party to this action, contending that a Commercial General Liability Policy that Amerisure Mutual Insurance Company issued to WPC provided liability coverage to WPC for the claimants of the HARRIS Plaintiffs in the Underlying Lawsuit.. That lawsuit is currently pending in this Court and is styled *WPC Industrial Contractors, Ltd. vs. Amerisure Mutual Insurance Company*, and numbered 08-10101-Civ-MOORE/SIMONTON.

13. Amerisure Mutual denied WPC's allegations in that lawsuit, and this Court, per the Honorable K. Michael Moore, granted summary judgment in favor of Amerisure Mutual and against WPC, holding that Amerisure Mutual had no duty to defend WPC because of a pollution exclusion in that Policy. A copy of that summary judgment order is attached hereto as Exhibit C.

14. The Umbrella Policy the Plaintiff herein, Amerisure, issued to Defendant WPC has a pollution exclusion that contains language which, in pertinent part, is identical to that of the pollution exclusion contained in the insurance policy ruled upon in Exhibit C.

## COUNT ONE
## THE VILLAGE IS NOT AN
## ADDITIONAL INSURED UNDER THE UMBRELLA POLICY

15. Paragraphs 1 through 14 of this Complaint for Declaratory Relief are

incorporated by reference and reasserted as if pled herein.

16. Amerisure contends that the Village is not an additional insured under the Umbrella Policy.

17. There is a justiciable issue, i.e. an actual case in controversy, between Amerisure and the Village, as the Village contends that it is an additional insured under the Amerisure Policy, and Amerisure contends otherwise.

18. There is a justiciable issue, i.e. an actual case in controversy, between Amerisure and WPC as WPC contends the Village is an additional insured under the Umbrella Policy and Amerisure contends otherwise.

19. The Village is not an additional insured under the Umbrella Policy.

20. The Umbrella Policy contains no endorsement adding the Village as an additional insured to the policy.

21. All conditions precedent to this cause of action have been satisfied or waived.

WHEREFORE Amerisure respectfully requests that this Court declare:

- that the Village of Islamorada is not an additional insured under the Umbrella Policy the Plaintiff issued to Defendant WPC; and
- the Plaintiff Amerisure has no duty to defend or indemnify the Village as to the claims made against it by the HARRIS Plaintiffs in the

Underlying Lawsuit.

and Amerisure respectfully requests that this Court grant any further relief that is appropriate including an award of any applicable costs.

## COUNT TWO

### THE UMBRELLA POLICY'S POLLUTION EXCLUSION EXCLUDES FROM COVERAGE THE CLAIMS MADE AGAINST THE VILLAGE IN THE UNDERLYING LAWSUIT

21.     Paragraphs 1 through 14 are incorporated by reference and reasserted as if pled herein.

22.     The Umbrella Policy issued to WPC by the Plaintiff contains a Total Pollution Exclusion which is located in endorsement number CU 74410305 of the Umbrella Policy. It excludes from coverage claims for bodily injury and property damage "which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time."

23.     Notwithstanding all other issues, the Plaintiff has no duty to defend the Village because the allegations made by the HARRIS Plaintiffs in the Underlying Lawsuit are excluded from coverage by virtue of the Total Pollution Exclusion contained in the Umbrella Policy.

24. Notwithstanding all other issues, the Plaintiff has no duty to indemnify the Village because the claims made by the HARRIS Plaintiffs in the Underlying Lawsuit are excluded from coverage by virtue of the Total Pollution Exclusion contained in the Umbrella Policy.

25. Because the Plaintiff contends that it has no duty to defend the Village against the claims asserted by the HARRIS Plaintiffs in the Underlying Lawsuit, and the Defendants contend otherwise, there is a justiciable case in controversy between the Plaintiff and the Defendants.

26. Because the Plaintiff contends that it has no duty to indemnify the Village as to any damages it has to pay the HARRIS Plaintiffs on account of the claims made by the HARRIS Plaintiffs in the Underlying Lawsuit and the Defendants contend otherwise, there is a justiciable case in controversy between the Plaintiff and the Defendants.

WHEREFORE, the Plaintiff respectfully requests that this Court enter Declaratory Judgment and declare:

- that the Plaintiff has no duty to defend the Village against the claims made against it in the Underlying Lawsuit; and

- that the Plaintiff has no duty to indemnify the Village as to any damages that it may ultimately be required to pay to the HARRIS Plaintiffs upon

the claims they have asserted in the Underlying Lawsuit.

and Amerisure respectfully requests that this Court grant any further relief that is appropriate including an award of any applicable costs.

## COUNT THREE

### THE UMBRELLA POLICY'S POLLUTION EXCLUSION EXCLUDES FROM COVERAGE THE CLAIMS MADE AGAINST WPC IN THE UNDERLYING LAWSUIT

27.     Paragraphs 1 through 14 are incorporated by reference and reasserted as if pled herein.

28.     The Umbrella Policy issued to WPC by the Plaintiff contains a Total Pollution Exclusion which is located in endorsement number CU 74410305 of the Umbrella Policy. It excludes from coverage claims for bodily injury and property damage "which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time."

29.     Notwithstanding all other issues, the Plaintiff has no duty to defend WPC because liability insurance coverage for the claims made by the HARRIS Plaintiffs in the Underlying Lawsuit are excluded from coverage by virtue of the Total Pollution Exclusion contained in the Umbrella Policy.

30. Notwithstanding all other issues, the Plaintiff has no duty to indemnify WPC against the claims of the HARRIS Plaintiffs because liability insurance coverage for the claims asserted by the HARRIS Plaintiffs in the Underlying Lawsuit is excluded from coverage by virtue of the Total Pollution Exclusion contained in the Umbrella Policy.

31. Because the Plaintiff contends that it has no duty to defend WPC against the claims made by the HARRIS Plaintiffs in the Underlying Lawsuit and WPC contends otherwise, there is a justiciable case in controversy between the Plaintiff and the Defendants.

32. Because the Plaintiff contends that it has no duty to indemnify WPC as to any damages it has to pay the HARRIS Plaintiffs on account of the claims made by the HARRIS Plaintiffs in the Underlying Lawsuit and WPC contends otherwise there is a justiciable case in controversy between the Plaintiff and the Defendants.

WHEREFORE, the Plaintiff respectfully requests that this Court enter Declaratory Judgment and declare:

- that the Plaintiff has no duty to defend WPC against the claims made against it in the Underlying Lawsuit; and

- that the Plaintiff has no duty to indemnify WPC as to any damages that WPC may ultimately be required to pay to the HARRIS Plaintiffs in the

Underlying Lawsuit.

and Amerisure respectfully requests that this Court grant any further relief that is appropriate including an award of any applicable costs.

## COUNT FOUR

### HARRIS' CLAIMS AGAINST THE VILLAGE ARE EXCLUDED FROM COVERAGE BECAUSE OF THE FUNGI OR BACTERIA EXCLUSION

33. Paragraphs 1 through 14 are incorporated by reference and reasserted as if pled herein.

34. The Umbrella Policy issued to WPC by the Plaintiff contains a Fungi or Bacteria Exclusion which is located in endorsement number CU 21271204 of the Umbrella Policy which excludes from coverage "bodily injury" or "property damage" "which would not have occurred, in whole or in part, but for the actual, alleged or threatened . . . contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure . . . regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage."

35. Notwithstanding all other issues, the Plaintiff has no duty to defend the Village because liability insurance coverage for the claims made by the HARRIS Plaintiffs in the Underlying Lawsuit is excluded from coverage by virtue of the Fungi

or Bacteria Exclusion contained in the Umbrella Policy.

36. Notwithstanding all other issues, the Plaintiff has no duty to indemnify the Village against the claims of the HARRIS Plaintiffs because the liability insurance coverage for those claims in the Underlying Lawsuit is excluded from coverage by virtue of the Fungi or Bacteria Exclusion contained in the Umbrella Policy.

37. Because the Plaintiff contends that it has no duty to defend the Village against the allegations made by Harris' in the Underlying Lawsuit and the Defendants contend otherwise, there is a justiciable case in controversy between the Plaintiff and the Defendants.

38. Because the Plaintiff contends that it has no duty to indemnify the Village as to any damages it has to pay the HARRIS Plaintiffs for the claims made by the HARRIS Plaintiffs in the Underlying Lawsuit and the Defendants contend otherwise, there is a justiciable case in controversy between the Plaintiff and the Defendants.

WHEREFORE, the Plaintiff respectfully requests that this Court enter Declaratory Judgment and declare:

- that the Plaintiff has no duty to defend the Village against the allegations made against it in the Underlying Lawsuit; and

- that the Plaintiff has no duty to indemnify the Village as to any damages that the Village may ultimately be required to pay to the HARRIS Plaintiffs on the claims they have made, in the Underlying Lawsuit.

and Amerisure respectfully requests that this Court grant any further relief that is appropriate including an award of any applicable costs.

## COUNT V

### HARRIS' CLAIMS AGAINST WPC ARE EXCLUDED FROM COVERAGE BECAUSE OF THE FUNGI OR BACTERIA EXCLUSION

39. Paragraphs 1 through 14 are incorporated by reference and reasserted as if pled herein.

40. The Umbrella Policy issued to WPC by the Plaintiff contains a Fungi or Bacteria Exclusion which is located in endorsement number CU 21271204 of the Umbrella Policy. That Exclusion excludes liability insurance coverage for "bodily injury" or "property damage" "which would not have occurred, in whole or in part, but for the actual, alleged or threatened . . . contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure . . . regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage."

41. Notwithstanding all other issues, the Plaintiff has no duty to defend WPC

because liability insurance coverage for the claims made by the HARRIS Plaintiffs in the Underlying Lawsuit are excluded from coverage by virtue of the Fungi or Bacteria Exclusion contained in the Umbrella Policy.

42. Notwithstanding all other issues, the Plaintiff has no duty to indemnify WPC against the claims of the HARRIS Plaintiffs because liability insurance coverage for those claims in the Underlying Lawsuit is excluded from coverage by virtue of the Fungi or Bacteria Exclusion contained in the Umbrella Policy.

43. Because the Plaintiff contends that it has no duty to defend WPC against the allegations made by the HARRIS Plaintiffs in the Underlying Lawsuit and the Defendants contend otherwise, there is a justiciable case in controversy between the Plaintiff and the Defendants.

44. Because the Plaintiff contends that it has no duty to indemnify WPC as to any damages it has to pay the HARRIS Plaintiffs on account of the claims asserted by the HARRIS Plaintiffs in the Underlying Lawsuit, and the Defendants contend otherwise there is a justiciable case in controversy between the Plaintiff and the Defendants.

WHEREFORE, the Plaintiff respectfully requests that this Court enter Declaratory Judgment and declare:

- that the Plaintiff has no duty to defend WPC against the allegations

made against it in the Underlying Lawsuit; and

- that the Plaintiff has no duty to indemnify WPC as to any damages that WPC may ultimately be required to pay to the HARRIS Plaintiffs in the Underlying Lawsuit.

and Amerisure respectfully requests that this Court grant any further relief that is appropriate including an award of any applicable costs.

## JURY TRIAL DEMAND

The Plaintiff demands trial by jury on all counts of this Complaint for Declaratory Relief as to any and all issues so triable.

Respectfully submitted this __ day of November 2009.

_____
F. Bradley Hassell, Esquire
Florida Bar No. 260592
FBH@Hassell-Legal.com
Hassell, Moorhead & Carroll
1616 Concierge Blvd.
Suite 100
Daytona Beach, FL 32117
Tel: (386) 238-1357
Fax: (386) 258-7406

# 09-10108 CIV-MOORE
## MAGISTRATE JUDGE
## SIMONTON

**CIVIL COVER SHEET**

JS 44 (Rev. 2/08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
Amerisure Insurance Company

### DEFENDANTS
WPC Industrial Contractors, Inc. and Village of Islamorada

**(b)** County of Residence of First Listed Plaintiff: Oakland (Michigan)
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Duval (Florida)
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

F. Bradley Hassell, Esq.
Hassell, Moorhead & Carroll
1616 Concierge Blvd., Suite 100    Tel: (386) 238-1357

Attorneys (If Known)

For WPC, Bryan Black, Derrevere, Hawkes & Black

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☒ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

09-CV-10108-KMM/SIMONTON

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities Employment
- ☐ 446 Amer. w/Disabilities Other
- ☐ 440 Other Civil Rights

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

REC'D by _____ D.C.
FILED
NOV 19 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - KEY WEST

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☒ YES ☐ NO

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

JUDGE K. Michael Moore    DOCKET NUMBER 08-10101-Civ-Moore/Simonton

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 U.S.C. sec. 1332 (diversity). Insurance coverage question regarding whether coverage exists for defendants.

LENGTH OF TRIAL via 02 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE 11/13/09

FOR OFFICE USE ONLY
AMOUNT $350.00    RECEIPT # 922430    IFP